E-FILED
Tuesday, 14 July, 2026 03:33:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BROOKE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-4034 |
| | ) | |
| SCHUYLER COUNTY JAIL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Logan Correctional Center, was granted leave to proceed *in forma pauperis*. As a threshold matter, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 8) is granted. Fed. R. Civ. P. 15(a).

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff alleges events that occurred during her detention at Schuyler County Jail. Plaintiff alleges that she began vomiting and experiencing extreme abdominal pain and bleeding

upon her booking at the jail. Plaintiff alleges that Defendant Allen ignored her complaints, told her she was not "putting up with [Plaintiff's] shit, and did nothing when Plaintiff's passed out in pain and could not walk. Plaintiff alleges that Defendant Hawkins denied her medical care.

Plaintiff alleges that jail officials ignored her complaints and did not allow her to see the nurse for approximately one week. Plaintiff alleges that Defendant Bellville, the nurse, ignored her concerns that she may be pregnant, administered a test for sexually transmitted diseases, and did nothing else once the tests came back negative. Plaintiff alleges that Defendant Allen ignored her complaints for the ensuing 10 days.

Plaintiff alleges that a non-defendant correctional officer called Defendant Redshaw, the Sheriff, after Plaintiff "fell out from pain." Plaintiff alleges that Defendant Redshaw, who did not previously know about Plaintiff's issues, authorized a trip to the emergency room where she was diagnosed with an ectopic pregnancy. She alleges the pregnancy ruptured one of her fallopian tubes and caused her abdomen to fill with blood. Plaintiff alleges that she required surgery.

## DISCUSSION

Detainees have a right to adequate medical care under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To prevail, Plaintiff must show that an official's deliberate or reckless conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Specifically, a plaintiff must show that (1) he suffered from an objectively serious medical condition; and (2) that the officials' responses to it were objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019). The parties do not dispute that Plaintiff suffered from an objectively serious medical need.

The objective reasonableness inquiry "requires courts to focus on the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 888 (7th Cir. 2018). Liability attaches only where the official "acted purposefully, knowingly, or perhaps even recklessly" when taking the actions at issue—negligence, or even gross negligence, will not suffice. *Miranda*, 900 F.3d at 352-53.

Plaintiff's allegations permit a plausible inference that Defendants Allen, Harkins, and Bellville failed to respond reasonably to Plaintiff's complaints, resulting in unnecessary and avoidable pain and significant medical risk. The Court finds that Plaintiff states a Fourteenth Amendment claim for failure to provide adequate medical care against Defendants Allen, Harkins, and Bellville in their individual capacities.

Plaintiff's allegations that Defendant Redshaw did not know about her issues and authorized an ambulance once advised do not permit a plausible inference that he violated Plaintiff's constitutional rights. Plaintiff cannot prevail against high-level officials just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Schuyler County Jail is not a proper defendant under § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). The Court finds that Plaintiff fails to state a claim against these defendants, and it will dismiss them accordingly.

### Plaintiff's Motion to Request Counsel (Docs. 6, 7)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it herself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff indicates that she has completed some college coursework. Plaintiff has personal knowledge of the facts, she has been able to adequately communicate them to the Court, and she appears to have been able to obtain relevant medical records on her own and should be able to obtain additional relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Status (Doc. 9)**

Plaintiff's motion is granted. This Order addresses all pending issues. The next steps in this case are outlined below.

**IT IS THEREFORE ORDERED:**

**1.      Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for failure to provide adequate medical care against Defendants Allen, Harkins, and Bellville in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of**

service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**12.** The clerk is directed to add Matthew Hawkins, Bill Redshaw, Tracy Allen, and Nurse Bellville as defendants.

**13.** The clerk is directed to terminate Schuyler County Jail and Bill Redshaw as defendants.

**14.** The clerk is directed to attempt service on Matthew Hawkins, Tracy Allen, and Nurse Bellville pursuant to the standard procedures.

**15.** Plaintiff's Motions [6][7] are DENIED with leave to renew.

**16.** Plaintiff's Motion [9] is GRANTED.

Entered this 14th day of July, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE